UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Julio Cesar Moran, Jr., <br><br> Petitioner <br><br> v. <br><br> State of Nevada, *et al.*, <br><br> Respondents. | Case No.: 3:24-cv-00123-ART-CLB <br><br> Order Directing Service of Petition and Denying Motion for Counsel |

Julio Cesar Moran, Jr. has submitted a *pro se* 28 U.S.C. § 2254 petition for a writ of habeas corpus and has now paid the filing fee. (ECF Nos. 1-1, 4.) The Court has reviewed the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 and directs that it be served on Respondents.

A petition for federal habeas corpus should include all claims for relief of which Petitioner is aware. If Petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2244(b) (successive petitions). If Petitioner is aware of any claim not included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Moran has also submitted a motion for appointment of counsel. (ECF No. 1-2.) There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). Whenever the Court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. §

1

3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Here, Moran pleaded guilty and was sentenced to a term of 12 to 36 months. (ECF No. 1-1 at 3.) His petition sets forth his two claims for relief relatively clearly, and the legal issues do not appear to be complex. The Court concludes that counsel is not warranted.

It is therefore ordered that the Clerk of Court file and electronically SERVE the petition (ECF No. 1-1) on Respondents.

It is further ordered that the Clerk add Aaron D. Ford, Nevada Attorney General, as counsel for Respondents and provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

It is further ordered that the Clerk detach and file the motion for appointment of counsel (ECF No. 1-2).

It is further ordered that Petitioner's motion for appointment of counsel is denied.

It is further ordered that Respondents file a response to the petition, including potentially by motion to dismiss, within **90 days** of service of the petition, with any requests for relief by Petitioner by motion otherwise being subject to the normal briefing schedule under the Local Rules. Any response filed is to comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

It is further ordered that any procedural defenses raised by Respondents in this case be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or

embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents should not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they will do so within the single motion to dismiss not in the answer; and (b) they will specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart,* 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response to that claim.

It is further ordered that Petitioner has **45 days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by Respondents by motion otherwise being subject to the normal briefing schedule under the Local Rules.

It is further ordered that any additional state court record exhibits filed herein by either Petitioner or Respondents be filed with a separate index of exhibits identifying the exhibits by number. The parties will identify filed CM/ECF attachments by the number and will file each exhibit as a separate attachment.

It is further ordered that, at this time, the parties send courtesy copies of **any responsive pleading or motion and all INDICES OF EXHIBITS ONLY** to

the Reno Division of this court. Courtesy copies are to be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. No further courtesy copies are required unless and until requested by the court.

DATED: 18 July 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE